UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher J. Gonko,<br><br>                    Plaintiff,<br>v.<br><br>Transworld Systems, Inc.,<br><br>                    Defendant. | **CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff's Class Action Complaint is based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff, Christopher J. Gonko (hereinafter "Plaintiff"), is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Transworld Systems, Inc., (hereinafter referred to as "Defendant"), is a limited liability company that regularly transacts business in the state of Minnesota

1

with its primary office located at 2235 Mercury Way, Suite 275, Santa Rosa, CA 95407-5413.

## FACTUAL ALLEGATIONS

6. On January 23, 2018, Plaintiff incurred a financial obligation related to the purchase of a watch, specifically a duty and tax charge from FedEx for shipping, which was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff received a letter from FedEx, referenced as FedEx Duty and Tax Invoice, that confirmed the consumer debt amount that Plaintiff incurred from FedEx for a shipping charge was in the amount of $41.53.

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

9. Plaintiff received a dunning letter from Defendant. The letter, dated June 6, 2018, advised Plaintiff that if he desired to dispute the validity of the debt, that he was required to do so within thirty (30) days. Defendant's letter referenced FedEx Corporate Services, Inc. as the creditor and referenced a balance due in the amount of $47.34, which is an additional $5.81 more than the FedEx Duty and Tax Invoice.

10. On June 20, 2018, Plaintiff contacted Defendant by telephone to inquire as to the exact amount of the debt, and to inquire why the amount in Defendant's June 6, 2018 dunning letter was $5.81 more than what FedEx had referenced in its January 23, 2018 Duty and Tax Invoice.

11. During Plaintiff's telephone call with Defendant, Defendant's collection agent, Jessica, confirmed that a 14% collection fee is added to all collection accounts including, "…everything that comes into the office." When Plaintiff asked if Defendant added fees to every account that comes into Defendant's office including accounts that are not FedEx accounts, Defendant's collection agent responded, "Correct."

12. On June 20, 2018, Plaintiff paid with a credit card the amount being charged by Defendant which included a 14% collection fee added to the FedEx Duty and Tax Invoice and received a payment confirmation code of 005686.

13. At no time has Plaintiff signed or acquiesced to any contract that included the addition of any collection fee. Defendant's addition of a flat rate of 14% collection fee was not authorized by contract or law. As such, Defendant's collection action is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1) and 1692f.

14. Plaintiff and other members of the putative classes have suffered out of pocket damages in the form of illegal collection fees paid to Defendant.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action individually and as a class action.

16. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify two classes.

17. The first class Plaintiff seeks to certify is defined as (hereinafter the "FDCPA letter Class"):

> *All consumers nationwide who, within one (1) year of the filing of this Class Action Complaint, were sent a collection letter from Defendant Transworld Systems, Inc. in a form substantially similar or materially identical to **Exhibit A** which includes a 14% collection fee related to a Federal Express collection account.*

18. The second class Plaintiff seeks to certify is defined as (hereinafter the "Collection Fee Class"):

> *All consumers nationwide who, within one (1) year of the filing of this Class Action Complaint, paid a collection fee to Defendant Transworld Systems, Inc. related to a Federal Express collection account.*

19. Both Classes shall be subject to the following exclusions, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

20. Both Classes meets all factors in Rule 23(a-b) for class certification.

### *Rule 23(a) Requirements*

### *Numerosity*

21. Defendant is a privately held, national consumer and commercial debt collection agency.

22. Defendant pursues consumers nationwide for settlement of such alleged debt obligations.

23. Upon information and belief, Defendant attempted to collect alleged debts from numerous consumers.

4

24. Upon information and belief, many of the outstanding accounts for which Defendant sought to collect, Defendant added 14% to all collection accounts and in some cases collected the illegal fee from consumers.

25. Therefore, upon information and belief, the estimated number of Class members is in excess of 50.

### *Commonality*

26. All members of the classes had their rights violated in the same manner by the same actions of Defendant.

27. Common evidence, in particular (1) a list of all alleged consumer debtor accounts contained in the portfolio that were charged an additional 14% collection fee; (2) records in the possession of Defendant documenting those consumers who were charged an additional 14% on such alleged outstanding accounts; and (3) the collection letters sent by Defendant in an attempt to collect on the alleged outstanding consumer accounts contained in the aforementioned portfolio, will drive resolution of the claims of the Classes.

28. Statutory relief under the FDCPA is directed based upon the common conduct of Defendant, i.e. the extent to which Defendant sent collection letters to consumers, and not the subjective, individual experiences of members of the Classes.

### *Typicality*

29. Plaintiff has the same claims to statutory relief as all other members of the Classes and such claims are all based on the same facts and legal theories.

30. The only individual issue is the identification of the consumers who received collection letters, (i.e. the Class members), which is a matter capable of ministerial determination from Defendant's records.

31. Any defenses that Defendant may have to liability or quantum of damages with respect to Plaintiff's claims would be generally applicable to all members of the Classes.

### *Adequacy*

32. Plaintiff brings this lawsuit after an extensive investigation of Defendant's alleged misconduct.

33. Plaintiff brings this lawsuit with the intention to stop Defendant's unlawful practices and recover statutory penalties for all consumers affected.

34. Plaintiff will continue to vigorously pursue relief for the Classes.

35. Plaintiff will fairly and adequately represent the Class members' interests.

36. Plaintiff's interests are consistent with the interests of the Class.

37. Plaintiff's counsel, the Consumer Justice Center, P.A., has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

38. Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

39. Statutory relief under the FDCPA follows from evidence that Defendant added 14% to all collection accounts, not the subjective experience of any one complainant.

40. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Classes.

*Superiority*

41. Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendant related to their unlawful collection conduct.

42. Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting this lawsuit.

43. Upon information and belief, few members of the Class are aware that Defendant's actions were unlawful.

44. Upon information and belief, few members of the Class are aware that Defendant's conduct, which consisted of adding 14% collection fees to collection accounts without authorization by contract or law, was unlawful.

45. The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where they otherwise would not have.

## STANDING

46. The above-detailed conduct by Defendant violated numerous provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

47. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

48. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff, which is more fully stated herein.

49. Plaintiff suffered a concrete injury as a result of Defendant's unlawful addition of a 14% collection fee in the form of an additional payment amount to Defendant that was neither due nor owed.

50. Because of the Defendant's collection campaign, Plaintiff was confused about his rights as a consumer and paid the debt that included a 14% collection fee, relying upon Defendant's representations that the larger amount was in fact due and owed.

51. Defendant's actions denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information is on its own sufficiently concrete.

52. Defendant's collection campaign illustrates the risk of tangible harm from debt-collector misrepresentations, which is an increased risk of harm that itself supports standing.

53. Defendant's actions constitute an injury that is not a non-justiciable generalized grievance.

54. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 *et. seq.*

56. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

57. The foregoing acts of Defendant constitute numerous and multiple violations of the FDCPA as outlined above.

58. Defendant's collection practice, which it confirmed by telephone that a 14% collection fee is added to all collection accounts despite not being authorized by contract or law, is in violation of 15 U.S.C. § 1692e(2)(A) and § 1692f(1).

59. Defendant threatened to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

60. Defendant's debt collection campaign was deceptive and in violation of 15 U.S.C. § 1692e(10).

61. Defendant used unfair and unconscionable means to collect or attempt to collect a debt when it attempted collection of an amount from Plaintiff not authorized by contract or law, in violation of 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

62. Awarding Plaintiff actual damages against Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1) in an amount not less than the illegal collection fee that he paid to Defendant.

63. Awarding Plaintiff statutory damages against Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

64. Awarding Plaintiff reasonable attorneys' fees and costs against Defendant pursuant to 15 U.S.C. § 1692k(a)(3).

65. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class.

66. That the Court grants such other and further relief as may be just and proper.

                        Respectfully submitted,

Dated this 21st day of September 2018.   By: s/Mark L. Vavreck        .

                        Mark L. Vavreck, Esq.
                        **GONKO & VAVRECK, PLLC**
                        Designers Guild Building
                        401 North Third Street, Suite 600
                        Minneapolis, MN 55401
                        Telephone: (612) 659-9500
                        Facsimile: (612) 659-9220

                        Thomas J. Lyons, Jr., Esq.
                        Attorney I.D. #: 249646
                        **CONSUMER JUSTICE CENTER, P.A.**
                        367 Commerce Court
                        Vadnais Heights, MN 55127
                        Telephone: (651) 770-9707
                        Facsimile: (651) 704-0907
                        Email: Tommy@ConsumerJusticeCenter.com

                        ***ATTORNEYS FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF HENNEPIN      )

I, Christopher J. Gonko, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Christopher J. Gonko

Subscribed and sworn to before me
this 21st day of September 2018.

_____
Notary Public

MONIQUE RERAT
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

12